JUSTICE NELSON,
concurring.
¶22 I concur in the Court’s decision to affirm the denial of Kopp’s motion to dismiss. It was Kopp’s burden, as the moving party, to *509 support her motion with an adequate record. Kopp claimed in the District Court that her possession of drug paraphernalia and her possession of a dangerous drug were part of the “same transaction” under §46-11-504(1), MCA. She asserted that this was “obvious” from the Stipulated Facts on which her motion was based. As the District Court noted, however, there are multiple plausible criminal objectives that Kopp may have had in possessing the methadone-filled syringe, which are not necessarily the same as her criminal objective (whatever it was) in possessing the spoon and the baggies containing methamphetamine residue. See § 46-l-202(23)(a), MCA (defining “same transaction” as “conduct consisting of a series of acts or omissions that are motivated by... a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective”). The Stipulated Facts offer zero insight into what Kopp’s criminal objective or objectives were. Hence, her motion was properly denied for failure to provide factual support for her claim.